1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RANDY JOE ROCHA,                        No. 1:24-cv-00446 KES GSA (PC)

12                    Plaintiff,             ORDER DISREGARDING PLAINTIFF'S
                                            MOTION FOR LATE FILING
13        v.
                                            (ECF No. 4)
14   ATLEE M. MONROE, et al.,
                                            ORDER DENYING PLAINTIFF'S MOTION
15                    Defendants.           FOR THE APPOINTMENT OF COUNSEL

16                                          (ECF No. 3)

17                                          ORDER ACKNOWLEDGING PLAINTIFF'S
                                            NOTICE TO PROCEED WITH THIS CASE
18
                                            (ECF No. 11)
19

20          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

21   rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States

22   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23          Before this Court are Plaintiff's motion for late filing (ECF No. 4); his motion for the

24   appointment of counsel (ECF No. 3), and a "notice" which requests that he be able to proceed

25   with this case (see ECF No. 11). For the reasons stated below, Plaintiff's motion for late filing

26   will be disregarded, his motion for the appointment of counsel will be denied, and finally, the

27   Court will acknowledge Plaintiff's "notice" to proceed with this case.

28

                                                  1

I.     MOTION FOR LATE FILING

       A.  Plaintiff's Motion

       On April 15, 2024, the same day that Plaintiff's complaint was docketed, the instant

motion for late filing was docketed.  See ECF No. 4.  At the time that Plaintiff filed the document,

he was incarcerated at Salinas Valley State Prison.  See ECF No. at 1.

       In the motion, Plaintiff discusses how he filed a grievance with the Office of Appeals on

January 24, 2024, and he claims that a response to the appeal was due on March 25, 2024.  Id. at

1.  The document goes on to mention how Plaintiff sent letters to the warden of Folsom State

Prison – one J. Tuggle – which questioned how he came to his findings.  Id.  He states that as of

April 9, 2024, he had not received a response.  Id.  Plaintiff further states that he sent letters and

an inmate request to "S.A.T.F. Prison Corcoran State Prison" which requested evidence and

reports of their investigation.  Id.  However, as of April 9, 2024, he had not received any response

from "S.A.T.F. Corcoran State Prison."  Id.

       B.  Discussion

       This motion will be disregarded as violative of Federal Rule of Civil Procedure

7(b)(1)(B)-(C).  Specifically, it is unclear why Plaintiff has filed this motion other than requesting

"a late filing complaint".  However, Plaintiff's complaint has in fact been filed.  Given this, the

Court will disregard  the motion.

II.    MOTION FOR THE APPOINTMENT OF COUNSEL

       A.  Plaintiff's Motion

       Plaintiff has also filed a motion for the appointment of counsel.  ECF No. 3.  In support of

it, Plaintiff states in part that he is unable to afford counsel; that the issues in his case are

complex; that he has extremely limited access to the law library; that he has a medical condition

that makes it more difficult for him to write out paperwork.  Id. at 1.

       B.  Applicable Law

       District courts lack authority to require counsel to represent indigent prisoners in section

1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

2

U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

C.  <u>Discussion</u>

Plaintiff's motion for the appointment of counsel will be denied. To date, Plaintiff has been able to state his claims in a satisfactory manner that the Court can understand. Specifically, he has filed a twenty-six-page, nine claim complaint that is legible and that can be understood. Because the complaint has not yet been screened, the Court is unable to make a determination as to whether Plaintiff is likely to succeed on the merits of this case. However, based on the general content and state of Plaintiff's complaint, having considered the factors under <u>Palmer</u>, the Court does not find that exceptional circumstances exist which warrant the appointment of counsel at this time.

III.    <u>NOTICE TO PROCEED WITH CASE</u>

Plaintiff has also filed a notice to proceed in this Court. ECF No. 11. The notice was docketed on April 25, 2024. <u>See id.</u> The notice simply informs the Court that Plaintiff would like the Court to proceed with his complaint. <u>Id.</u>

Although Plaintiff's notice is not a proper motion, the Court herein formally acknowledges its filing. In response, Plaintiff is informed that his complaint will be screened in due course.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for late filing (ECF No. 4) is DISREGARDED as violative of Federal Rule of Civil Procedure 7(b)(1)(B)-(C);

3

1        2.  Plaintiff's motion for the appointment of counsel (ECF No. 3) is DENIED, and

2        3.  The Court hereby ACKNOWLEDGES Plaintiff's notice requesting that the Court with

3    his case (ECF No. 11).

4        **Plaintiff is informed that his complaint will be screened in due course.**

5

6    IT IS SO ORDERED.

7       Dated:  **September 10, 2025**          **/s/ Gary S. Austin**

8                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28